## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMKESHIA WESTRY, | C.A. No.: |
| Plaintiff, | **TRIAL BY JURY DEMANDED** |
| v. | |
| UNIVERSAL HEALTH SERVICES, INC., a Delaware corporation, UHS OF DELAWARE, INC., a Delaware corporation, and UHS OF DOVER, LLC, d/b/a DOVER BEHAVIORAL HEALTH SYSTEM, a Delaware limited liability company, | |
| Defendants. | |

## <u>COMPLAINT</u>

Plaintiff Kimkeshia Westry brings this action for damages and demands a jury trial against Defendants Universal Health Services, Inc., UHS of Delaware, Inc., and UHS of Dover, LLC, d/b/a Dover Behavioral Health System. In support thereof, Plaintiff states as follows:

### PARTIES/JURISDICTION/VENUE

1. Plaintiff Kimkeshia Westry ("Plaintiff" or "Westry") is a resident of the State of Delaware residing at 60 Jody Court, Magnolia, Delaware, 19962.

2. Defendant Universal Health Services, Inc.  ("UHS") is a Delaware corporation whose registered agent for service of process is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

3.  Defendant UHS of Delaware, Inc. ("UHS of Delaware") is a Delaware corporation whose registered agent for service of process is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

4. Defendant UHS of Dover, LLC is a Delaware limited liability company d/b/a Dover Behavioral Health System ("DBHS"), whose registered agent for service of process is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

5. Defendants are employers within the State of Delaware and within the jurisdictional coverage of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Title VII), the Delaware Discrimination in Employment Act, 19 *Del. C.* § 710 *et seq.*, and 42 U.S.C. § 1981.

6. Jurisdiction is conferred on this Court by 42 U.S.C. § 2000e-5(f)(3) and by 28 U.S.C. § 1343.

7. Supplemental Jurisdiction to adjudicate Plaintiff's claims under the Delaware Discrimination in Employment Act, 19 *Del. C.* § 710 *et seq.*, is conferred on this Court by 28 U.S.C. § 1367, as these claims are so related to Plaintiff's Title VII claim that they form part of the same case or controversy.

8. Venue for all causes of action stated herein lies in the District of Delaware, as acts alleged as the bases for these claims took place within the boundaries of that District.

9. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, to redress the wrongs done to her by Defendants' discrimination and retaliation against her based on her race and for discrimination and retaliation against her based on her sex, under the Delaware Discrimination in Employment Act, 19 *Del. C.* § 710, *et seq.* ("DDEA") to redress the wrongs done to her by Defendants' discrimination and retaliation against her based on her race and for discrimination and retaliation against her based on her sex, and under 42 U.S.C. § 1981, to redress the wrongs done to her by Defendants' discrimination against her based on her race.

10. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of Title VII and the DDEA.

11. At all times material hereto, Defendants were "employers" within the meaning of Title VII and the DDEA.

12. Plaintiff would not have suffered injury but for the racial bias of each or all of the Defendants.

13. Plaintiff is an African American and female.

3

**CONDITIONS PRECEDENT**

14. Plaintiff timely submitted a complaint of discrimination based on race and sex to the Delaware Department of Labor ("DDOL") (charge no. WES051425) and the Equal Employment Opportunity Commission ("EEOC") (charge no. 17C-2025-00474).

15. Plaintiff received a Final Determination and Right to Sue Notice from the DDOL for charge number WES051425 on November 18, 2025.

16. Plaintiff received a Notice of Right to Sue from the EEOC for charge number 17C-2025-00474 on December 31, 2025.

17. Plaintiff has timely filed this complaint within ninety (90) days of her receipt of the aforementioned Notice of Right to Sue.

**STATEMENT OF FACTS**

18. Plaintiff was hired by Defendant on or about September 6, 2022, as a Utilization Review Director.

19. In November 2022, Plaintiff was appointed to be the Interim Director of Nursing while still responsible for her duties as Utilization Review Director.

20. On or about January 1, 2023, Plaintiff was promoted to the position of Chief Nursing Officer ("CNO").

21. In her position as CNO, Plaintiff reported directly to the Chief Executive Officer ("CEO").

4

22. When Plaintiff inquired about the CEO training program, Group CEO William Mason ("Mason") made inappropriate comments about her age and children, stating the job was not suitable due to her children's ages and she should wait until "close to 50 years old," reflecting discriminatory stereotypes about women's career priorities and capabilities based on age and family status.

23. Beginning on or about October 1, 2024, CFO Christopher Mahoney ("Mahoney") subjected Plaintiff to harassment based on her Race (Black) and Sex (Female).

24. On or about October 4, 2024, Plaintiff walked into a meeting that Mahoney was conducting in the presence of Mason, Shawna Mayles, Lorraine Sutton, and Melissa Blades.

25. When Plaintiff walked in, Mahoney became very aggressive and condescending.

26. Plaintiff involved Mason in the interaction, and Mason's only response was that Mahoney was young.

27. Mahoney refused to address Plaintiff by name, calling her "this one" or "her," became aggressive when Plaintiff spoke, interrupted Plaintiff's contributions, and directed Caucasian employees not to listen to her.

28. In October 2024, Plaintiff informed her Division Director of the racism she was encountering. The Division Director agreed with Plaintiff and then encouraged her to resign from her position.

29. On or about October 21, 2024, Plaintiff filed a corporate compliance complaint against CEO Karen Fitzhugh ("Fitzhugh") and other members of leadership about the racism she was encountering at her facility.

30.  Plaintiff was never contacted about the complaint despite a UHS policy requiring such claims to be closed within 7 days.

31. Plaintiff resigned her position as CNO on November 3, 2024, with an effective date of December 13, 2024, as a result of the ongoing discrimination based on her race and sex in violation of Title VII and 42 U.S.C. § 1981.

32. Upon receipt of the letter, Fitzhugh claimed the resignation was effective immediately.

33. While Caucasian employees were treated with respect and had their resource requests addressed, Plaintiff faced consistent condescending treatment and was denied support.

34. Plaintiff alleges she was discharged in retaliation for filing a corporate compliance complaint against CEO Karen Fitzhugh ("Fitzhugh") and other members of leadership on October 21, 2024.

35. The complaint detailed concerns about discrimination and harassment based on her race and sex, which created a hostile work environment.

36. On November 6, 2024, approximately two weeks after filing her protected complaint, Plaintiff was discharged by Fitzhugh and Randy Maez ("Maez") (Corporate HR). When Plaintiff requested reasons for her discharge, she was told "just know the decision was made" without clarification or justification.

37. Plaintiff never received a response to her corporate compliance complaint.

38. Plaintiff's discharge was in direct retaliation for her protected activity of complaining about race and sex-based discrimination and harassment.

39. Defendant is liable for the actions of its agents as set forth in this complaint under the principles of agency and the doctrine of respondeat superior and pursuant to the ratification of the agents' actions by Defendant.

40. During the period of her employment, Plaintiff was subjected to differential treatment based on her race and based on her sex by agents of the Defendant, including but not limited to her termination.

41.    The wrongful acts committed by the Defendants, as stated hereinabove, were willful, wanton, and committed in bad faith.

42. As a direct result of the actions of the Defendants, Plaintiff has suffered damages, including, but not limited to, emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

7

### COUNT I – TITLE VII, 42 U.S.C. § 2000e *et seq.*
### (Race)

43. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 42 hereinabove.

44. By committing the aforementioned acts, Defendants have discriminated and retaliated against Plaintiff based on her race in violation of 42 U.S.C. § 2000e *et seq.*

45. As a direct result of the discriminatory and wrongful conduct of Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendant for:

a) back pay, including interest;

b) reinstatement, if feasible, or in the alternative, front pay;

c) compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

d) punitive damages;

e) pre-judgment and post-judgment interest;

f) attorney's fees; and

g) any other relief that this Court deems just.

## COUNT II – TITLE VII, 42 U.S.C. § 2000e *et seq.*
### (Sex)

46. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 45 hereinabove.

47. By committing the aforementioned acts, Defendants have discriminated and retaliated against Plaintiff based on her sex in violation of 42 U.S.C. § 2000e *et seq.*

48. As a direct result of the discriminatory and wrongful conduct of Defendant, Plaintiff has suffered damages, including, but not limited to, emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendant for:

a) back pay, including interest;

b) reinstatement, if feasible, or in the alternative, front pay;

c) compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

d) punitive damages;

e) pre-judgment and post-judgment interest;

f) attorney's fees; and

g) any other relief that this Court deems just.

## COUNT III – DDEA, 19 *Del. C.* § 710 *et seq.*
### (Race)

49. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 48 hereinabove.

50. By committing the aforementioned acts, Defendants have discriminated and retaliated against Plaintiff based on her race in violation of 19 *Del. C.* § 710, *et seq.*

51. As a direct result of Defendants' discriminatory and wrongful conduct, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against each Defendant for:

   a)   back pay, including interest;

   b)   reinstatement, if feasible, or in the alternative, front pay;

   c)   compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

   d)   punitive damages;

   e)   pre-judgment and post-judgment interest;

   f)   attorney's fees; and

   g)   any other relief that this Court deems just.

## COUNT IV – DDEA, 19 *Del. C.* § 710 *et seq.*
### (Sex)

52. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 51 hereinabove.

53. By committing the aforementioned acts, Defendants have discriminated and retaliated against Plaintiff based on her sex in violation of 19 *Del. C.* § 710, *et seq.*

54. As a direct result of Defendants' discriminatory and wrongful conduct, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against each Defendant for:

a)     back pay, including interest;

b)     reinstatement, if feasible, or in the alternative, front pay;

c)     compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

d)     punitive damages;

e)     pre-judgment and post-judgment interest;

f)     attorney's fees; and

g)     any other relief that this Court deems just.

## COUNT V – 42 U.S.C. § 1981

55. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 54 hereinabove.

56. By committing the aforementioned acts, and specifically by discriminating against Plaintiff based on her race, Defendant has violated 42 U.S.C. § 1981.

57. But for Plaintiff's race, she would not have been terminated from her position.

58. As a direct result of the discriminatory and wrongful conduct of the Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendant for:

    a)    back pay, including interest;

    b)  reinstatement, if feasible, or in the alternative, front pay;

    c)  compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

    d)  punitive damages;

    e)  pre-judgment and post-judgment interest;

f)  attorney's fees; and

g)  any other relief that this Court deems just.

SCHMITTINGER & RODRIGUEZ, P.A.

By: */s/ Gary E. Junge*
    William D. Fletcher, Jr., Esq. (#362)
    Gary E. Junge, Esq. (#6169)
    414 South State Street
    P.O. Box 497
    Dover, Delaware 19903-0497
    (302) 674-0140
    gjunge@schmittrod.com
    Attorneys for Plaintiff

Dated: March 26, 2026